IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| INTELLIGENT INVESTMENTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-1221 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND ORDER TO SHOW CAUSE

Comes now Plaintiff Intelligent Investments, Inc., through its attorney William J. Fleischaker and in response to the defendant's motion to dismiss for failure to prosecute and the court show cause order states as follows:

1. Raul Gonzales is the sole officer and director of plaintiff.

2. The contract at issue in this action was for the hauling debris from property destroyed in the May, 2011 category 5 tornado which cause widespread devastation to Joplin, Missouri and surrounding area.

3. Raul Gonzales is a Gulf War veteran who suffers from a service related disability and is also a person of Hispanic race.

4. Raul Gonzales's status as a disabled Gulf war veteran and a person of Hispanic race are significant to the issues in this case because his disability and race were factors that led to being awarded the contract which is the subject matter of this action.

5. Raul Gonzales's status as a disabled Gulf War veteran and a person of Hispanic race are further significant because the government's refusal to pay his claim is

based upon an allegation that he failed to comply with specific provisions of the contract related to his status as a disabled Gulf War veteran and a racial minority.

6. Raul Gonzales's service related disability is in part that he suffers from Constrictive Bronchiolitis or Obliterative Bronchiolitis also known as popcorn lung as a result of Environmental Hazards in IRAQ as well as reactive airway disease and gastrointestinal condition caused by Burn Pit Exposure.  These are respiratory diseases that substantially affect his lung capacity and require that he have oxygen available at all times.

7. Because Raul Gonzales suffers from the conditions set forth in the preceding paragraph he is extremely vulnerable to infection from COVID-19 and any such infection would likely be fatal.

8. In 2016, the Government brought criminal charges against Raul Gonzales alleging that he made false statements in his application for payment under the terms of the contract.

9. In essence the government claimed that plaintiff failed to have the required percentage of work called for by the contract performed by employees of his company who were residing in the geographical area suffering a loss as a result of the damage from the tornado despite the fact that government employees were on the scene while the contract was being performed and were able to intervene had they believed that plaintiff was not complying with the terms of the contract.

10. The government's defense in this action is virtually identical to the claims alleged by the government in the criminal prosecution of Raul Gonzales.

11. The criminal charges brought by the government against Raul Gonzales were tried to a jury in the Southern Division of the Western District of Missouri in December 2018. The jury found Raul Gonzales not guilty on all 12 counts brought by the government.

12. Although present counsel was actively involved in the defense of the criminal charges brought against Raul Gonzales he was not required to and did not become familiar with the details of the contract and plaintiff's claim.

13. Due to present council's unfamiliarity with the underlying elements of the contract, it was necessary for Raul Gonzales to review records related to the contract at issue with his attorney in order to respond to defendant's discovery requests.

14. The contract documents, consisting of records pertaining to the time date and location that debris was transported by plaintiff's employees, the volume and weight of the debris and the distance transported, purchases of fuel and other supplies, expenses to maintain vehicles, as well as payroll records of plaintiff's employees during the term of the contract are in approximately 10 file boxes of records which were located in plaintiff's office in Neosho Missouri.

15. The need for Raul Gonzales to be able to review the records in question with his attorney was one of the significant factors in the decision to engage the services of William J Fleischaker as lead counsel because his office is located in Joplin Missouri which is only 20 minutes away from plaintiff's office.

16. In October 2020 Raul Gonzales was able to transport the documents to his attorney's office in Joplin Missouri where they are now located.

17. Since late October 2020 there has been a substantial increase in the number of COVID-19 cases in the United States generally and in Southwest Missouri.

18. In addition it now appears that there is a new variant of COVID-19 which is even more contagious than the original strain.

19. As a result in the of the increase in the number of COVID-19 cases Raul Gonzales has been required to self isolate in his residence.

20. Although plaintiff's counsel requires everyone coming into his office to wear facemasks the fact remains that because counsel represents other clients there is a substantial amount of daily traffic in and out of his office.

21. In order for Raul Gonzales to come to counsel's office to review the files necessary to respond to defendant's discovery requests he would be required to expose himself to an unreasonable and unnecessary risk of infection from COVID-19.

22. The nature of the documents and discovery requests is such that it is not feasible for counsel and Raul Gonzales to review the documents remotely and any attempt to do so would be extremely cumbersome due to the need to go through the documents and share their contents to develop a response.

23. Despite the risks involved, on January 6, 2021 Raul Gonzales met with counsel to review the documents stored in counsel's office so that counsel could understand the various types of documents that were involved in plaintiff's claim.

24. Raul Gonzales's vulnerability to COVID-19 together with the increase in numbers of individuals infected with the virus prevented him from meeting with counsel and therefore constitute good cause for plaintiff's failure to respond to the government's discovery requests in a timely fashion.

25. After meeting with Raul Gonzales now appears to counsel that virtually all of the information requested by the government is already in its possession because it is included with plaintiffs claim, the denial of which forms the basis for this lawsuit.

26. Furthermore after having had an opportunity to meet with Raul Gonzales counsel recognizes that the government's request for admissions sought to have plaintiff admit facts which defendants knew were the core issues in the lawsuit and which facts the government knew were controverted.

27. Having had the opportunity to meet with RG, counsel is now in a position to respond to defendants discovery requests within 10 days.

28. It is plaintiff's intention to respond to defendant's request for admissions and seek relief from the effect of failure to make a timely response to the request for admissions pursuant to rule 36(b).

Wherefore, having responded to defendant's motion to dismiss for failure to prosecute plaintiff prays the court to find that he has shown cause why the court should not sustain defendants motion to dismiss

.

                            FLEISCHAKER & WILLIAMS

                  By: <u>/s/William J. Fleischaker</u>
                     William J. Fleischaker
                     Missouri Bar No. 22600
                     P. O. Box 996
                     Joplin, Missouri  64802
                     417-623-2865
                      417-623-2868 FAX
                     bill@ozarklaw.com
                 ATTORNEYS FOR PLAINTIFF

The undersigned counsel hereby certifies that the foregoing was filed on the electronic case filing system of The United States Court of Federal Claims this 8 day of January 2021, and thereby notice thereof was automatically sent to:

Robert C. Bigler
U.S. Department of Justice (C)
Commercial Litigation Branch, Civil Division
Post Office Box 480
Ben Franklin Station
Washington, DC 20044

By: <u>/s/William J. Fleischaker</u>
     William J. Fleischaker